UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY, et al.,<br><br>Defendants. | Case No. 23-cv-01452-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at San Quentin State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

### A. Plaintiff's Litigation History

Plaintiff was convicted of attempted murder with a firearm enhancement on April 25, 2003, following a jury trial in Tulare County Superior Court. *See Lupercio v. Gonzalez*, C NO. 1:08-CV-0012 LJO WMW (HC), 2008 WL 5156646, at *1 (E.D. Cal. Dec. 9, 2008), *report and recommendation adopted by* 2009 WL 159392 (E.D. Cal. Jan. 22, 2009). Plaintiff filed a direct appeal of his conviction and on November 23, 2004, the California Court of Appeal affirmed the judgment. Plaintiff's petition for review was denied by the California Supreme Court on February 2, 2005. *Id.* Plaintiff filed a state petition for a writ of habeas corpus with the California Supreme Court, which was summarily denied on December 13, 2006. *Id.* Plaintiff filed a federal habeas petition in the Eastern District Court on or about December 13, 2007, which was denied on January 22, 2009. *Id.*

Despite the bar on second or successive petitions and on duplicative litigation, Plaintiff has continued to challenge his conviction in both habeas petitions and 42 U.S.C. § 1983 actions.[1]

---

[1] "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless (i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found

2

1  Plaintiff has filed at least nine additional habeas petitions challenging his conviction. *See*
2  *Lupercio v. Gonzalez*, No. 1:08-cv-00012-LJO-JLT (habeas petition dismissed as untimely);
3  *Lupercio v. Sherman*, No. 1:15-cv-00915-DAD-MJS (habeas petition dismissed as successive);
4  *Lupercio v. Sherman*, No. 1:15-cv-01834-DAD-MJS (same); *Lupercio v. Sherman*, No. 1:16-cv-
5  00233-DAD-MJS (same); *Lupercio v. People of the State of California*, No. 1:20-cv00925-DAD-
6  JDP (same); *Lupercio v. Visalia Police Dep't*, No. 1:21-CV-00306 JLT HC,[2] 2021 WL 949434, at
7  *1 (E.D. Cal. Mar. 12, 2021), *report and recommendation adopted,* No. 1:21-CV0306 DAD
8  JLT(HC), 2021 WL 1611613 (E.D. Cal. Apr. 26, 2021) (same); *Lupercio v. Mendoza*, No. 1:21-
9  cv-00306-DAD-JLT (same); *Lupercio v. Mendoza*, No. 1:21-cv-00935-DAD-JLT (same);[3]
10 *Lupercio v. Office of the Clerk of the Ct.*, C No. 1:22-v-00338-ADA-HBK (same)[4].  Plaintiff has
11 filed at least six civil rights action against persons or entities involved in his criminal conviction
12 that seek to challenge his conviction.[5]  *See Lupercio v. Visalia Police Dep't.*, C No. 1:10-cv-
13 02314-AWI-GBC (PC) (ECF No. 12) (E.D. Cal. May 5, 2011) (Plaintiff's challenge to allegedly
14 false statements presented to trial court that ultimately led to his conviction dismissed for failure to
15 state a claim because sole remedy for challenging legality of custody is writ of habeas corpus),

---

the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Regardless, before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).[1]  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.  An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021.

[2] This habeas petition was originally filed in this district and transferred to the Eastern District. *See Lupercio v. Visalia Police Dep't.*, C No. 5:21-cv-01023 HC, ECF No. 5 (order of transfer).

[3] This habeas petition was originally filed in this district and transferred to the Eastern District. *Lupercio v. Mendoza*, No. 1:21-cv-00935-DAD-JLT, ECF No. 8 (order of transfer).

[4] This habeas petition was originally filed in this district and transferred to the Eastern District. *See Lupercio v. Office of the Clerk of the Court*, C No. 1:22-cv-00338-ADA-HBK, ECF No. 6 (order of transfer).

[5] *Heck* holds that a Section 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction" unless the plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 481-82, 487 (1994).

*findings and recommendations adopted* August 10, 2011; *Lupercio v. Visalia Police Dep't*, C No. 1:13-CV-01028-LJO, 2013 WL 5375639, at *3 (E.D. Cal. Sept. 24, 2013) (claim that Plaintiff was wrongfully convicted based on false testimony and/or destruction of evidence barred by *Heck* doctrine; dismissing action with prejudice; noting that this case brought claims similar to those brought in C No. 1:10-cv-02314), *findings and recommendations adopted* October 31, 2013, *aff'd*, C No. 13-17363 (9th Cir. Sept. 25, 2014); *Lupercio v. Visalia Police Dep't.*, C No. 1:18-CV-0036 LJO EPG, 2018 WL 2229210, at *2 (E.D. Cal. May 15, 2018) (damages claim arising from Plaintiff's criminal conviction under Section 1983 barred by *Heck* and must be dismissed); *Lupercio v. Mendoza*, C No. 21-cv-03173 JST (N.D. Cal.), ECF No. 9 (Mar. 8, 2022) (dismissed for failure to state Section 1983 claim because defendant was private actor and action was attempt to challenge validity of conviction and should be brought in habeas); *Lupercio v. Lopez, et al.*, C No. 1:21-cv-00240-BAM (PC), 2021 WL 4318030 (E.D. Cal. Sept. 23, 2021)[6] (dismissing action as barred by *Heck* and as frivolous pursuant to 28 U.S.C. § 1915(e); listing Plaintiff's numerous attempts to challenge his convictions in habeas petitions and civil rights actions).

**B.  Complaint**

The complaint alleges that Plaintiff's federal habeas attorney Andrew Flier violated Plaintiff's Sixth Amendment right to effective assistance of counsel by "do[ing] nothing," including failing to work on the postconviction proceeding, failing to conduct an investigation, failing to analyze the evidence, failing to investigate the DNA pursuant to Cal. Penal Code 1405 to prove Plaintiff's innocence, and failing to file a Cal. Penal Code § 1050 for a new trial.[7] The

---

[6] This civil rights action was originally filed in this district and transferred to the Eastern District. *See Lupercio v. Lopez et al.*, C No. 1:21-cv-00240-DAD-BAM, ECF No. 7 (order of transfer).

[7] Plaintiff makes additional allegations in the body of the complaint regarding attorney James Heusens who appears to have represented Plaintiff at his state court criminal trial.  However, Plaintiff has not named Mr. Heusens as a defendant in this case.  In addition, to the extent that Plaintiff believes that he was wrongfully convicted due to ineffective assistance from trial counsel, such a claim challenges the validity of his conviction and may only be brought by filing a petition for a writ of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .'") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

complaint will be DISMISSED with prejudice because it fails to state a claim under 42 U.S.C. § 1983. There is no constitutional right to counsel during federal habeas proceedings. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).[8]

Finally, in light of Plaintiff's repeated filing of lawsuits attempting to challenge his conviction and the repeated dismissals of these actions, the Court finds that this action also should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits")).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with prejudice for failure to state a cognizable claim and as frivolous pursuant to 28 U.S.C. § 1915(e). The Clerk shall enter judgment in favor of Defendant and against Plaintiff, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: May 25, 2023

JON S. TIGAR
United States District Judge

---

[8] The docket in Plaintiff's federal habeas petition, C No. 1:08-cv-0012-LJO-JLT, *Lupercio v. Gonzalez* ("*Lupercio II*"), indicates that Plaintiff misrepresents the record when he claims Mr. Flier did nothing. On behalf of Petitioner, Mr. Flier filed a federal habeas petition, opposed the motion to dismiss filed by the respondent, and objected to the magistrate judge's findings and recommendations. *Lupercio II*, ECF Nos. 2, 11, 16.

5